**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHERRIF POLK | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No.: 1:24-cv-1572 |
| | ) | |
| v. | ) | COMPLAINT FOR VIOLATION OF |
| | ) | CIVIL RIGHTS |
| City of Chicago, Chicago Police and | ) | |
| Detective John Korolis, Star No. 21339, | ) | |
| | ) | **JURY DEMANDED** |
| *Defendants.* | ) | |

**COMPLAINT OF CIVIL RIGHTS VIOLATION**

Plaintiff, **SHERRIF POLK,** by his attorney, Law Offices of T. J. Jesky, complains of Defendants, CITY OF CHICAGO, CHICAGO POLICE and, Detective JOHN KOROLIS, as follows:

**INTRODUCTION**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983).

**JURISDICTION AND VENUE**

2. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

3. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

4. At all times herein mentioned, Plaintiff, Sherrif Polk ("Plaintiff, Polk") was within the jurisdiction of this court.

5.     At all times herein mentioned, Chicago Police Detective John Korolis, Star No. 21339 ("Defendant, Korolis") was employed by the Chicago Police Department ("Defendant, City of Chicago") and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department.  This Defendant is being sued in his individual capacity.

6.     At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois.  At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

7.     The false arrest and malicious prosecution stems from an August 6, 2016 shooting murder, which took place at 2101 W. Devon Ave., Chicago, IL.

### Case Background

8.     On February 18, 2019, approximately, two and half years after the murder took place, Plaintiff, Polk received a call on his cell phone, from a detective at 19th District Police Station of the Chicago Police Department.

9.     Plaintiff, Polk was told that the police found his wallet, and the Police Detective asked him to come by the police state to retrieve it.

10.     Upon arriving at the police station and identifying himself, Plaintiff, Polk was arrested for the first degree murder, attempted murder and aggravated discharge of a firearm stemming from the August 6, 2016 murder.

11.     On that day, February 18, 2019, and place, Defendant, Korolis caused Plaintiff to be seized by members of the Chicago Police Department.

12.     On that day, February 18, 2019, and place, Defendant, Korolis did not possess a warrant to arrest Plaintiff, Polk.

2

13.     On that day, February 18, 2019, and place, Defendant, Korolis did not possess legal cause to have Plaintiff seized by members of the Chicago Police Department.

14.     After his seizure Plaintiff was subjected to a custodial arrest by members the Chicago Police Department.

15.     It was later discovered that the malicious prosecution of Plaintiff, Polk's false arrest by Defendant, Korolis was based on third party testimony of Chris Marquez.

16.     Mr. Marquez was arrested for a car theft that had a child in the car at the time of the theft.  In an effort to plea a reduced the sentence for his crime, Mr. Marquez told the police that he knew who was responsible for the aforementioned August 6, 2016 shooting murder.

17.     With no evidence, Mr. Marquez accused Plaintiff, Polk for the murder of August 6, 2016 to obtain a reduced sentence for his crime.

18.     Mr. Marquez has a younger brother who knew Plaintiff, Polk.  This distant connection was the only relationship between Mr. Marquez and Plaintiff, Polk.

19.     After his custodial arrest, Defendant Korolis caused Plaintiff, Polk to be charged with murder and he was immediately placed in custody on February 18, 2019.

20.     Defendant, Korolis did not possess probable cause to reasonably believe that Plaintiff had committed murder.

**<u>Tainted Testimony</u>**

21.     On or about March 25, 2019, Plaintiff, Polk was indicted by a Grand Jury.

22.     Based on information and belief, the evidence now shows that the information given to the Grand Jury was tainted.

23.     Based on information and belief, the Grand Jury heard from three separate individuals.

3

24.     Defendant, Korolis was the detective who was assigned to this case, testified at the Grand Jury.

25.     Based on giving Chris Marquez, a reduced sentence, under information and belief, Plaintiff, Polk will show that Defendant, Korolis misled the Grand Jury as to concluding there was probable cause, when the evidence did not support probable cause.

26.     The allegations are based on Judge Sophia Atcherson of Criminal Division of Cook County Court, statements on February 14, 2023, following Plaintiff, Polk's trial, when she found Plaintiff, Polk not guilty based on the inconsistencies of his case.

**Defendant John Korolis Court History**

27.      Defendant, Korolis has a history with the U.S. District Court for the Northern District of Illinois for being accused of violating Fourth Amendment rights and engaging in malicious prosecution.  See. *Gardley v. City of Chicago and Chicago Police Detective John Korolis*, (Case No. 1:20-cv-05149).

28.     In the *Gardley,* Judge Matthew F. Kennelly, United States District Judge, stated that "Korolis withheld exculpatory evidence from prosecutors" and Korolis undermined the believability of the witnesses who were relied upon to support probable cause.

29.     In the *Gardley* case, the Honorable Judge Kennelly went on to state that Korolis may have lied, and pressured witnesses to provide the Grand Jury with an identification that Korolis knew was unreliable.

**Incarceration/House Arrest**

30.     Upon arriving at the police station on February 18, 2019, Plaintiff, Polk was placed in custody.

31.     He remained incarcerated for 15-months of incarceration at the Cook County Jail.

32.     This incarceration was followed by 2 years, 9 months of house arrest.

**Defendant, Polk Trial**

33.     Plaintiff, Polk appeared in the Criminal Division of Cook County Court, with a Public Defender to defend himself against the felony charges that were initiated and/or continued by Defendant, Korolis.

34.     On February 14, 2023, Plaintiff, Polk was found not guilty of all charges.

35.     At trial, Judge Sophia Atcherson, quickly saw and commented on the inconsistencies of this case.

**Summary of Factual Allegations**

36.     By reason of the above-described acts and omissions of Defendant, Korolis, Plaintiff, Polk sustained injuries, including but not limited to, incarceration, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

37.     This incident resulted in 15 months of incarceration at the Cook County Jail followed by 2 years, 9 months of house arrest for Plaintiff, Polk.

38.     The aforementioned acts of Defendant, Korolis was willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**COUNT I**
**Plaintiff against Defendant Korolis**
**UNREASONABLE SEIZURE**

39.     Plaintiff hereby repeats and realleges each and every allegation in paragraph 2-38, inclusive, as if fully set forth herein.

40.     By reason of Defendant, Korolis' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

41.     The arbitrary intrusion by Defendant, Korolis, by arresting Plaintiff, Polk without a warrant nor probable cause was in violation of Plaintiff's constitutional rights and not authorized by law.

42.     Defendant, Korolis violated Plaintiff's rights in the following manner:

(1)  Defendant caused the seizure of Plaintiff's person without any legal cause;

(2)  These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights.

Therefore, Defendant, Korolis is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

<u>**COUNT II**</u>
**Plaintiff against Defendant Korolis**
**UNREASONABLE PRETRIAL DETENTION**

43.     Plaintiff hereby repeats and realleges each and every allegation in paragraph 2-42, inclusive, as if fully set forth herein.

44.     Defendant, Korolis subjected Plaintiff to criminal prosecution, a pretrial detention, and deprivation of his liberty without an arrest warrant nor probable cause.

45.     Based on unreliable testimony of Chris Marquez, to obtain a reduced sentence, Defendant, Korolis did not have probable cause to believe Plaintiff had committed the August 6, 2016 murder or cause him to be subjected to any pretrial restriction of his liberty.

46.     Defendant, Korolis knew that Plaintiff's arrest, detention, and criminal prosecution were not based upon sufficient evidence to reasonably conclude Plaintiff, Polk had committed a murder.

47.     The criminal charges Defendant, Korlis initiated against Plaintiff were terminated February 14, 2023, when Cook County Criminal Division Judge Sophia Atcherson found Plaintiff, Polk not guilty of all charges.

48.     By reason of Defendant, Korolis' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

49.     The arbitrary intrusion by Defendant Korolis, by arresting Plaintiff, Polk without a warrant nor valid probable cause was in violation of Plaintiff's constitutional rights and not authorized by law.

50.     Defendant, Korolis violated Plaintiff's rights in the following manner:

    (1)     Causing Plaintiff to be subjected to pretrial detention for approximately four (4) years that restrained his liberty, without any probable cause for the detention; and

    (2)     These acts were in violation of Plaintiff's Fourth Amendment rights.

Therefore, Defendant, Korolis is liable to Plaintiff  pursuant to 42 U.S.C. § 1983.

**COUNT III**
**Plaintiff Against Korolis and the City of Chicago**
**For MALICIOUS PROSECUTION**

51.     Plaintiff hereby repeats and realleges each and every allegation in paragraph 2-38, inclusive, as if fully set forth herein.

52.     Defendant Korolis, was employed by the Chicago Police Department, Defendant, City of Chicago, and without a warrant nor probable cause, maliciously commenced and/or caused to be continued legal proceedings against Plaintiff alleging that he had committed first degree murder, attempted murder and aggravated discharge of a firearm.

7

53.     Defendant, Korolis initiated, facilitated, and/or continued this malicious prosecution by tainting exculpatory evidence and/or preparing and/or filing a false complaint for the purpose of causing the initiation or continuation of legal proceedings against Plaintiff, Polk.

54.     On February 14, 2023, the legal proceedings terminated in Plaintiff's favor when Cook County Criminal Division Judge Sophia Atcherson found Plaintiff, Polk not guilty of all charges.

55.     As a result of Defendant, Korolis initiating and/or continuing these baseless legal proceedings Plaintiff, Polk was injured emotionally, unable to work and subject to pretrial detention for approximately four (4) years.

56.     Defendant, City of Chicago is liable to Plaintiff for the acts of Defendant, Korolis pursuant to the doctrine of *respondeat superior*.

57.     Therefore, Defendants, Korolis and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment m his favor and against Defendants, each of them, containing the following relief:

A.     That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

B.     That the Defendants be required to pay Plaintiff's special damages, in a sum to be ascertained;

C.     That the Defendants be required to pay Plaintiff's attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

D.     That Defendant, Korolis be required to pay punitive and exemplary damages in a sum to be ascertained;

8

E.      That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

F.      That Plaintiff has such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.


Dated:  February 26, 2024                    Respectfully submitted,

                                             By: /s/ *T. J. Jesky*
                                                     T. J. Jesky

T. J. Jesky
(IL ARDC #6325691)
Law Offices of T. J. Jesky
205 N. Michigan Avenue, Suite 810
Chicago, IL  60601-5902
tj@jeskylaw.com
Telephone: 312-894-0130
*Attorney for Plaintiff*