IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SERRIF POLK, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No.: 1:24-cv-1572 |
| | ) | |
| v. | ) | Magistrate Judge: |
| | ) | Hon. Jeffrey T. Gilbert |
| CITY OF CHICAGO, | ) | |
| CHICAGO POLICE, and | ) | |
| DETECTIVE JOHN KOROLIS, Star No. 21339, | ) ) | |
| *Defendants*. | | |

**JOINT STATUS REPORT**

Plaintiff, Sherrif Polk ("Polk"), and Defendants City of Chicago and Detective John Korolis ("Defendants"), through their respective counsel and pursuant to the Court's Order (Dkt. #13), submit the following joint status report.

**NATURE OF CASE & PROCEDURAL HISTORY**

This is a civil rights lawsuit, arising out of Plaintiff's 2019 arrest, detention, and prosecution for a 2016 murder. After being acquitted after a bench trial, Plaintiff filed this lawsuit. Plaintiff has sued the lead detective, John Korolis, and his employer, the City of Chicago. Plaintiff alleges three counts: (1) Count I, Unreasonable Seizure**,** (2) Count II, Unreasonable Pretrial Detention, and (3) Count III, State Law Malicious Prosecution. Generally stated, Plaintiff claims that Defendant Korolis lacked probable cause for Plaintiff's seizure, pretrial detention, and prosecution. Plaintiff also seeks to hold the City of Chicago liable for the alleged malicious prosecution under state law pursuant to *respondeat superior*.

Defendants deny Plaintiff's allegations. Defendants have moved to dismiss Plaintiff's Count I and III. Dkt. #8. Plaintiff opposes this motion. Dkt. #12. Defendants' Motion to Dismiss remains pending. Defendant also answered Plaintiff's Complaint. Dkt. #7.

The following is a progress report and suggested schedule regarding written discovery.

## **PROGRESS WITH WRITTEN DISCOVERY**

The Court has already set discovery deadlines. As for written discovery, the Court set June 21, 2024 as the deadline for issuance of written discovery. Dkt. #13. The Court further set November 15, 2024 as the deadline to complete oral fact discovery. Dkt. #10.

The parties complied with the Court's June 21, 2024 deadline to issue written discovery. Dkt. #13. Plaintiff timely served their Requests to Produce and Interrogatories on Defendants. Defendants similarly timely served their Requests to Produce and Interrogatories on Plaintiff. Defendants also issued third-party subpoenas, explained later below.

Both parties have responded to the other party's written discovery requests, although work remains to be done on this front. Plaintiff has answered Defendants' written discovery requests and produced responsive documents to Defendants' Requests to Produce. Defendants have answered Plaintiffs' written discovery but has not yet been able to produce responsive documents. Defendant anticipates producing voluminous responsive documents. Some documents are in the undersigned counsel's possession, while some remain outstanding from the City. For instance, the undersigned has yet to receive disciplinary files, although Defendants have requested them. Other documents already received from the City require review, redactions, and bates-stamping, such as CPD's homicide investigative file. Also, the parties still must submit to the Court a proposed Confidentiality Order for producing documents that should be marked "Confidential." The parties anticipate doing so no later than the first week of August 2024. Defendants anticipate making a

significant production of responsive documents from the City and third parties by the end of August 2024.

Defendants also intended to produce voluminous third-party records received via subpoena. Defendants have engaged in diligent efforts to secure written discovery from third parties. For instance, Defendants have issued a *duces tecum* subpoena on the Public Defender's Office ("PD") and Cook County State's Attorney's Office ("CCSAO") for Plaintiff's criminal case file materials. Defendants received the Public Defender's responsive documents and a privilege log, but these documents must still be bates-stamped and produced to Plaintiff. The CCSAO has informed Defendants that they located responsive CCSAO files, and Defendants have paid for their copying. However, the CCSAO is now reviewing the CCSAO files for privilege, so production to Defendants has been delayed. Defendants anticipate receiving the CCSAO responsive documents by mid-August 2024.

Additionally, Defendants have engaged in diligent efforts to secure needed criminal court records and court transcripts (collectively, "Cook County Court Records") relating to Plaintiff's underlying murder prosecution. Because Plaintiff successfully expunged these Cook County Court records, Defendants needed to file a motion with the Presiding Judge of Cook County's Criminal Division to temporarily unseal these Cook County Court Records for release and copying. Defendants await the Court's Order granting this motion, which should be forthcoming no later than the first week of August 2024. Thereafter, Defendants will submit formal requests to the Cook County Clerk's Office and Cook County Court Reporter's Office for needed Cook County criminal court files and transcripts. This process can take at least 30 days from the date of request.

Further, the parties anticipate filing a motion with the Presiding Judge of the Cook County Criminal Division for grand jury transcripts. This motion has yet to be drafted. Defendants

anticipate taking the lead on this motion, and it should be drafted and circulated for filing by mid-August 2024. One reason for the delay is that the motion must identify those who testified in the grand jury, which is still a matter of investigation. Based on prior experience, Defendants' counsel does not anticipate a ruling on the disclosure of grand jury transcripts until mid-September. If granted, the grand jury transcripts could take an additional 30 days to receive.

Finally, the parties will require some time for Rule 37 conferences, if any. At this point, the parties do not know precisely if there will be any Rule 37 conferences relating to responses to document requests and/or interrogatories, and, if so, the extent of such written discovery issues.

In sum, the parties propose the following discovery plan within the parameters set by the Court. The parties will require the months of August and September 2024 to complete all written discovery and rectify issues. The parties then plan to use October and a portion of November 2024 to complete depositions to meet the Court's mid-November 2024 deadline.

## **FACT WITNESSES TO DEPOSE**

The parties presently anticipate deposing approximately 12 fact witnesses, including:

(1) Sherrif Polk (Plaintiff);
(2) John Korolis (Defendant);
(3) Christopher Marquez (Eye Witness);
(4) Anthony Plata (Victim/Eye Witness);
(5) Roni Jarta (Interviewee/Witness);
(6) Virginia Petrov (interviewee/witness);
(7) Salvador Marquez (interviewee/witness);
(8) Officer Via (witness);
(9) Det. Aid Joy (witness);
(10) P.O. Anderson (expert officer);
(11) Detective Michele Wood (Investigating Detective);
(12) PD Brett Balmer (criminal defense counsel).

## SCHEDULE OF CONFIRMED OR PROPOSED DEPOSITION DATES

Although no formal scheduling for the foregoing depositions has yet occurred, the following are dates that Plaintiff and Defendants' counsel have reserved for depositions in this case to try to ensure completion of all dates by the November 15, 2024 oral fact discovery deadline:

October 10, 2024

October 11, 2024

October 17, 2024

October 18, 2024

October 24, 2024

October 25, 2024

October 30, 2024

October 31, 2024

November 1, 2024

November 2, 2024

November 6, 2024

November 7, 2024

November 8, 2024

November 9, 2024

November 13, 2024

## SETTLEMENT

There have been no recent settlement discussions. Plaintiff and defense counsel believe that a significant number of oral fact depositions must be completed before settlement can be meaningfully discussed.

**OTHER ISSUES**

None at this time.

Respectfully submitted,

MARY B. RICHARDSON-LOWRY
Corporation Counsel of the City of Chicago

| | |
|---|---|
| /s/ Anthony J. Masciopinto | /s/ *T. J. Jesky* |
| Anthony J. Masciopinto | T. J. Jesky |
| Special Assistant Corporation Counsel | LAW OFFICES OF T. J. JESKY |
| KULWIN, MASCIOPINTO & KULWIN LLP | 205 N. Michigan Avenue |
| 161 N. Clark Street, Suite #2500 | Suite 810 |
| Chicago, IL 60601 | Chicago, IL 60601-5902 |
| amasciopinto@kmklawllp.com | tj@jeskylaw.com |
| Telephone: (312) 374-5308 | Telephone: 312-894-0130 |
| *Counsel for Defendant* | *Counsel for Plaintiff* |