UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Sherrif Polk,

        Plaintiff,

v.

City of Chicago, *et al.*,

        Defendants.

Case No. 24 C 1572

Honorable Jorge L. Alonso

## Memorandum Opinion and Order

For the reasons that follow, the Court grants Defendants' motion to dismiss or strike (ECF No. 8), dismisses the Chicago Police Department as a defendant, and dismisses Plaintiff Sherrif Polk's Counts I and III.

## Background

This case arises from Polk being arrested and placed in custody for a crime for which he was acquitted at trial. According to Polk's operative first amended complaint, in February 2019 Polk was arrested by Defendant Chicago Police Detective John Korolis without a warrant or probable cause in relation to a murder that had occurred in August 2016. (Pl.'s First Amended Compl. ("FAC") ¶¶ 7–14.) Polk was indicted by a grand jury in March 2019, at which Korolis testified. (*Id.* ¶¶ 21–24.) Polk remained in custody for 15 months, followed by 33 months of house arrest. (*Id.* ¶¶ 30–32.) At a trial held on February 14, 2023, Polk was found not guilty of all charges. (*Id.* ¶¶ 33–34.)

On February 26, 2024, Polk sued Defendants in three counts:

- Count I against Korolis for "unreasonable seizure" during his arrest under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments;

1

- Count 2 against Korolis for "unreasonable pretrial detention" under § 1983 and the Fourth Amendment; and

- Count 3 against Korolis and the City of Chicago for malicious prosecution under Illinois state law.

Defendants have brought a motion to dismiss and/or strike the Chicago Police Department as a defendant and to dismiss Count I and Count III, under Federal Rules of Civil Procedure 12(b)(6) and 12(f), which the Court now considers.

## Legal Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint states a claim on which relief may be granted. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This standard requires a complaint to contain sufficient "[f]actual allegations" to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must "construe the complaint in the light most favorable to plaintiff, accept all well-pleaded facts as true, and draw reasonable inferences in plaintiff's favor." *Taha v. Int'l Bhd. of Teamsters, Loc.*

2

*781*, 947 F.3d 464, 469 (7th Cir. 2020). However, it need not "accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

A motion to strike under Federal Rule of Civil Procedure 12(f) can be used to strike "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Such motions "are appropriate if they serve to expedite litigation," and courts considering them have "considerable discretion." *Williams v. TopHat Logistical Solutions, LLC*, 703 F. Supp. 3d 913, 922 (N.D. Ill. 2023) (cleaned up).

## Discussion

Defendants move to: (1) dismiss or strike the Chicago Police Department as a defendant, (2) dismiss Count I, and (3) dismiss Count III. The Court considers each ground below.

### I. Defendant Chicago Police Department

Defendants first argue that the Chicago Police Department is not a proper defendant and should be dismissed or stricken. The Court agrees.

First, Polk brings no claim against the Chicago Police Department—all of his claims instead are brought against Korolis (Counts I and II) or both Korolis and the City of Chicago (Count III). The Chicago Police Department's inclusion in the case caption thus appears to serve no practical purpose. Second, the Chicago Police Department is not a suable entity—it is merely part of the City of Chicago, whom Polk also sues, and cannot be named on its own. *See Gray v. City of Chicago*, 159 F. Supp. 2d 1086, 1089 (N.D. Ill. 2001) ("The [Chicago] Police Department is not a suable entity, but merely a department of the City of Chicago which does not have a separate legal existence.").

3

Indeed, Polk does not explain why the Chicago Police Department should formally be kept in this lawsuit. Though he titles a section of his response brief, "Court Should Not Strike Defendant Chicago Police Department As Wrongly Named," his argument explains why the *City of Chicago*, not the Chicago Police Department, should be kept in this lawsuit. (Response at 3–5 (ultimately concluding that "the City of Chicago should not be stricken as wrongly named"), ECF No. 12.) Polk has given no reason for its complaint to include the Chicago Police Department as a defendant. Accordingly, the Court dismisses the Chicago Police Department as a named defendant.

## II. Count I – Unreasonable Seizure/False Arrest

Defendants argue the Court should dismiss Count I because it is a false-arrest claim that was filed after the two-year statute of limitations had expired. The Court agrees. At the outset, the Court also clarifies that Polk's claim can be brought under the Fourth Amendment only, not the Fourteenth Amendment—Polk does not challenge this limitation in his response brief. *See Madero v. McGuinness*, 97 F.4th 516, 521 n.6 (7th Cir. 2024) ("Claims for false arrest prior to trial are appropriately considered under the Fourth Amendment, not the Fourteenth Amendment."), *cert. denied*, No. 24-116, 2024 WL 4427232 (U.S. Oct. 7, 2024).

Polk claims that Count I is not a false-arrest claim but instead is one for "unreasonable seizure" that led to his pretrial detention, and the statute-of-limitations did not begin to run until he was released in February 2023, making the claim timely. Polk accordingly argues that Count I challenges his entire pretrial detention, not merely his arrest, and so the claim did not accrue until he was no longer detained. *See Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018).

In making these arguments, Polk misreads his own claim. Count I does not challenge Polk's pretrial detention—it solely challenges his arrest in February 2019. Specifically, it targets

4

"[t]he arbitrary intrusion by Defendant, Korolis, *by arresting* Plaintiff" and alleges that Korolis accordingly violated Polk's rights because he "caused the seizure of [Polk's] person without any legal cause." (FAC ¶¶ 41–42 (emphasis added).) Instead, Polk's Count II—which Defendants have not moved to dismiss—targets his pretrial detention and benefits from a later claim-accrual date under *Manuel*. (*See id.* ¶ 50 (claiming a violation of Polk's rights by subjecting him "to criminal prosecution, a pretrial detention, and deprivation of liberty" and "[c]ausing Plaintiff to be subjected to pretrial detention for approximately four (4) years").) The Court thus considers Count I as a false-arrest claim. *See Manuel*, 903 F.3d at 669 (distinguishing *Wallace*, in which the plaintiff, like Polk, had "complained about his arrest rather than the custody that post-dated his appearance before a judge").

"The statute of limitations for a false-arrest claim 'begins to run at the time the claimant becomes detained pursuant to legal process,' meaning when the claimant is 'bound over for trial.'" *Rosado v. Gonzalez*, 832 F.3d 714, 716 (7th Cir. 2016) (quoting *Wallace v. Kato*, 549 U.S. 384, 391, 397 (2007). As this Court has stated, "[t]he prospect that charges will be filed, and a conviction ensue, does not postpone the claim's accrual." *Jackson v. City of Chicago*, No. 20 C 5886 (N.D. Ill. Mar. 15, 2024), ECF No. 110 at 15, 18 (adding that "Jackson . . . needed to raise his false arrest claim within the limitations period, which he did not do"). By Polk's own allegations, the two-year statute of limitations for Polk's Count I thus began to run in early 2019 and expired well before Polk's filed this action in February 2024. *See Cielak v. Nicolet Union High Sch. Dist.*, 112 F.4th 472, 477 (7th Cir. 2024) ("Dismissal on statute of limitations grounds is proper on a motion to dismiss only when a plaintiff's allegations clearly establish that the claims are untimely."). Count I thus is time-barred and is dismissed for failure to state a claim.

5

### III. Count III – Malicious Prosecution

Polk agrees with Defendants that his Count III malicious-prosecution claim under Illinois state law is time-barred because it was filed over one year after Polk's not-guilty verdict. (Response at 7–8, ECF No. 12.); *see also* 745 ILCS 10/8-101 (setting one-year statute of limitations); *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) ("the one-year period applies to state-law claims that are joined with a § 1983 claim"). The Court therefore dismisses Count III for failure to state a claim.[1]

### Conclusion

The Court grants Defendants' motion to dismiss or strike (ECF No. 8), dismisses Counts I and III with prejudice for failure to state a claim, and dismisses the Chicago Police Department as a defendant. The City of Chicago also is terminated as a defendant because Polk's Count III against it has been dismissed.

SO ORDERED.                                         ENTERED: January 24, 2025

                                                    _____
                                                    **HON. JORGE ALONSO**
                                                    **United States District Judge**

---

[1] Plaintiff formally asks for leave to amend his complaint to remove Count III. That is unnecessary due to the Court's dismissal of that count.